```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                 FORT MYERS DIVISION
```

RAUL GONZALEZ-SANCHEZ,

           Petitioner,

v.                                    Case No. 2:26-cv-264-JES-NPM

WARDEN OF GLADES COUNTY DETENTION
CENTER, et al.,

           Respondents.
_____

**OPINION AND ORDER**

Before the Court are Petitioner Raul Gonzalez-Sanchez's petition for writ of habeas corpus (Doc. 1), the government's response (Doc. 4), and Gonzalez-Sanchez's reply (Doc. 5). For the reasons below, the Court grants the petition to the extent set forth in this Order.

**I.   Background**

Gonzalez-Sanchez is a native and citizen of Mexico who entered the United States on or about October 1, 2005 and has not departed the country since. (Doc. 1 at 1). On April 16, 2013, almost eight years after entry, Gonzalez-Sanchez was apprehended by U.S. Customs and Border Protection Officers. (Id. at 2). On April 29, 2013, Immigration Judge Adam Opaciuch granted Gonzalez-Sanchez's bond request, and he was released on $5,000 bond. (Doc. 1-2 at 9). The Department of Homeland Security (DHS) expressly waived

appeal of Judge Opaciuch's decision. (Id.) Gonzalez-Sanchez has complied with the conditions of his bond, and his next removal hearing before the immigration court is scheduled for February 18, 2028. (Doc. 5 at 2).

Despite having been granted bond, Gonzalez-Sanchez was detained by Immigration and Custom Enforcement (ICE) officers on January 20, 2026 in what he describes as "solely an effort by DHS to meet its arrest/detention quotas irrespective of the law and due process, not to mention the human cost." (Doc. 5 at 2). Gonzalez-Sanchez argues, among other things, that he is entitled to immediate release. (Doc. 1 at 14).

## II. Discussion

Respondents assert that Gonzalez-Sanchez is now detained under the mandatory detention provisions of 8 U.S.C. § 1225(b)(2). (Doc. 4 at 3). They do not address Gonzalez-Sanchez's arguments that his detention is illegal because he was already granted bond. Nor do they address Gonzalez-Sanchez's assertion that, by declining an appeal, they waived any argument that he was not entitled to a bond hearing or that he should be held under the mandatory detention provisions of 8 U.S.C. § 1225(b). Instead, they treat Gonzalez-Sanchez's petition as arguing solely that the core dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to the petition. In most of the recent immigration cases before

2

this Court, the distinction matters because § 1225(b)(2) mandates detention throughout removal proceedings, whereas noncitizens detained under § 1226(a) have the right to a bond hearing before an immigration judge.

Section 1225(b)(1) establishes the procedures for expedited removal. It allows immigration officers to remove noncitizens "without further hearing or review." 8 U.S.C. § 1225(b)(1)(A)(i). As expedited removal affords substantially fewer protections to the noncitizen's rights, the INA limits its applicability in two ways. First, noncitizens may be eligible for expedited removal "only if they are inadmissible on the basis that they either lack proper entry documents or falsified or misrepresented their application for admission." Coalition for Humane Immigrant Rights v. Noem, --- F. Supp. ---, ---, 2025 WL 2192986, at *5 (D.D.C. 2025) (citing 8 U.S.C. §§ 1225(b)(1)(A)(i) and 1182(a)(6)(C), (a)(7)). And "[a]mong that set, only two categories of noncitizens are eligible for expedited removal: (1) noncitizens 'arriving in the United States,' and (2) noncitizens who 'ha[ve] not been admitted or paroled into the United States' and cannot affirmatively show that they have been 'physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility.' " Id. (quoting 8 U.S.C. § 1225(b)(1)(A)(i)-(iii)).

3

Section 1226 of the INA also "authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings[.]" Jennings v. Rodriguez, 583 U.S. 281, 289 (2018). But § 1226 provides additional safeguards, including the right to an individualized bond hearing. Id. at 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.")(citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). Noncitizens already in the country are treated differently than those seeking entry. As the Supreme Court observed, "our immigration laws have long made a distinction between those aliens who have come to our shores seeking admission . . . and those who are within the United States after an entry, irrespective of its legality. In the latter instance, the Court has recognized additional rights and privileges not extended to those in the former category who are merely 'on the threshold of initial entry.'" Leng May Ma v. Barber, 357 U.S. 185, 187 (1958) (quoting Shaughnessy v. United States ex rel. Mezei, 345 U.S. 206 (1953)); see also Zadvydas v. Davis, 533 U.S. 678, 693 (2001)("But once an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."). And until recently, DHS has treated aliens—such as Gonzalez-Sanchez—already present in

4

the country as detained under § 1226 and entitled to bond hearings.[1] And in fact, Gonzalez-Sanchez was released on a $5000 bond.

But now Respondents argue that Gonzalez-Sanchez is not entitled to a bond hearing because he is properly detained under section 1225(b).[2] Indeed, the Court recognizes that in Buenrostro-Mendez v. Bondi, et al., No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6. 2026), the Fifth Circuit Court of Appeals—the only circuit court to have addressed the issue thus far—recently concluded that most noncitizens apprehended anywhere in the United States are never eligible for release on bond, no matter how long they have resided inside the United States. This is contrary to the overwhelming majority of district court judges to have considered

---

[1] The Government's recent about-face toward mass mandatory detention under § 1225 was blessed by the Board of Immigration Appeals ("BIA") in In re Yajure Hurtado, 29 I.& N. Dec. 216, 229 (B.I.A. 2025). But the Court owes no deference to the BIA's statutory interpretations. In 2024, the Supreme Court concluded that "agencies have no special competence in resolving statutory ambiguities. Courts do." Loper Bright Enters. v. Raimondo, 603 U.S. 369, 400-01 (2024). And "[c]ourts interpret statutes, no matter the context, based on the traditional tools of statutory construction, not individual policy preferences." Id. at 403.

[2] In Patel v. Hardin, No. 2:25-cv-870-JES-NPM (M.D. Fla. Dec. 1, 2025), Respondents argued that the Court lacks jurisdiction to consider this petition and that the petitioner has not properly exhausted his administrative remedies. The Court rejected those arguments in Patel and in scores of other recent cases presenting the same issues. See e.g., Cetino v. Hardin, No. 2:25-cv-1037-JES-DNF (M.D. Fla. December 12, 2025); Reyes Rodriguez v. Florida Southside Facility, No. 2:25-cv-1012-JES-DNF (M.D. Fla. December 15, 2025). In those cases, the Court was satisfied of its jurisdiction and determined that exhaustion was excused because it would be futile. The Court's reasoning on these issues also applies here.

the issue. This Court respectfully disagrees with the Fifth Circuit's analysis and notes that it is not binding precedent in this Court. Thus, the Court rejects the government's argument that Gonzalez-Sanchez is subject to expedited removal and concludes that Respondents' authority to detain him stems from section 1226(a). In short, as a noncitizen detained under section 1226(a), Gonzalez-Sanchez has a right to a bond hearing, and he was granted one in 2013.

If he had not already been granted bond, the Court would order Respondents to either bring Gonzalez-Sanchez before an immigration judge for a § 1226 bond hearing within ten days or release him from custody. However, the delay is unnecessary here. DHS has already granted Gonzalez-Sanchez bond, and Respondents offer no justification for revoking that bond or authority to collect a second bond. Thus, Gonzalez-Sanchez is entitled to immediate release under the conditions of his original bond.

Accordingly, it is **ORDERED**:

1. Raul Gonzalez-Sanchez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** to the extent set forth in this Order.

2. Respondents shall release Gonzalez-Sanchez **within 24 hours of his Order**, and they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

4. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on March 2, 2026.

                                                        JOHN E. STEELE
                                                        SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-2
Copies: All Parties of Record